Bryan P. Whitaker
Attorney at Law
901 N. Adams St.
Spokane, WA 99201
(509) 280-3318

Attorney for Jonah Pierce

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:22-CR-052-TOR-5 |
| Plaintiff, ) | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. ) | |
| JONAH PIERCE, ) | |
| Defendant ) | |

The Defendant, Jonah Pierce, by and through his attorney of record Bryan P. Whitaker, submits the following Memorandum for consideration by the Court in anticipation of sentencing.

A. Imposition of Sentence

Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case. **18 U.S.C. § 3551(a)**. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

Sentencing Memorandum - 1

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for -

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense. **18 U.S.C. § 3553(a)**.

B. § 3553 Factors Relevant To This Case

(1) The nature and circumstances of the offense and the history and characteristics of the defendant

Mr. Pierce was a Staff Sargent (E-5) in the Air Force at the time of this conduct. He worked with or was directly subordinate to the most of the others involved and worked in the armory at Fairchild AFB. He held no supervisory responsibility and was responsible only for tasks assigned. He was assigned to other armories at other duty stations during his service. The conduct for which many in this group are being held accountable was customary at these other stations as well. It appears to be part of the "corporate culture" of those working with weapons and ammunition to appropriate property slated for destruction and take ammunition for personal use. As noted in the discovery, numerous rounds of ammunition were found in desk draws and

Sentencing Memorandum - 2

lying on the floor when the workspaces of the defendants were searched, indicating a profound lack of urgency in accounting for and securing ammunition.

Specific to the equipment Mr. Pierce took, the item had been specifically designated for destruction, in part because it was not deemed to be in working order. Offered the item by a person of higher rank, and told the options were: take it or it gets smashed into pieces, Mr. Pierce elected to take the item. Again, this behavior was considered a normal part of the "corporate culture" of this organization. The behavior is, however, taking government property.

As a direct result of his behavior Mr. Pierce not only faced these charges, but the added sanction of separation from the Air Force. Unlike many others rendered jobless as a result of their conduct, Mr. Pierce lost his residence on the base and was forced to relocate his family to another jurisdiction.

(2) <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>

An argument is that Mr. Pierce attained some "luxury" not afforded to his co-defendants, being permitted to plead to a misdemeanor, and therefore he should be incarcerated for the same period of time. When one defendant pleads to a misdemeanor and another to a felony it is completely expected that the sanction for the felony will be greater. The argument is also misplaced based on the facts of this case.

Mr. Eagleton was sentenced on June 22, 2023 to a term of confinement of six (6) months. While Mr. Pierce's behavior took place the workplace, Mr. Eagleton was involved in meetings with persons outside the workspace, bragged about the theft of ammunition, and was in possession of an illegal suppressor. He was also apparently aligned with the anti-government sentiment exhibited by Mr. Sanger, the person whose conduct brought the actions of the entire unit to the notice of the FBI. Mr. Eagleton and Mr. Pierce are NOT similarly situated.

Sentencing Memorandum - 3

## CONCLUSION

Based on these facts and circumstances Mr. Piece submits that a sentence of **one year of probation** will satisfy the requirements of 18 U.S.C. § 3553 (a). It will prove a deterrent to both Mr. Pierce and his former associates in Spokane, although unlikely to impact the "corporate culture" of this particular section of the Air Force. Although not involved in the anti-government activities of some of the others, nor being in a leadership position within the organization, he suffered the same collateral punishment as all the others as a result of his conduct.

Respectfully submitted this 23rd day of June, 2023

S/ Bryan P. Whitaker  
Bryan P. Whitaker  
Attorney for Jonah Pierce

Sentencing Memorandum - 4

**CERTIFICATE OF SERVICE**

I, Bryan P. Whitaker, certify that a true and correct copy of the foregoing –

SENTENCING MEMORANDUM

- was sent via CM/ECF and/or mailed postage prepaid with the United States Postal Service to the following parties:

Assistant United States Attorney

Patrick Cashman – USAWAE.PCashmanECF@usdoj.gov

Dated this 23rd day of June, 2023

<u>S/ Bryan P. Whitaker</u>
Bryan P. Whitaker
901 N. Adams St.
Spokane, WA 99201
(509) 280-3318

Sentencing Memorandum - 5